UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ALLIED WORLD SURPLUS LINES INSURANCE
COMPANY formerly known as DARWIN SELECT
INSURANCE COMPANY a subrogee of Tappan Zee
Constructors, LLC,

       Plaintiff,

Case No.:19-cv-07073 (KMK)(JCM)

-against-

HOFFMAN INTERNATIONAL, INC., d/b/a
HOFFMAN EQUIPMENT COMPANY, THE
MANITOWOC COMPANY, INC. and GROVE
U.S. LLC,

       Defendants.

-------------------------------------------------------------X

## STIPULATED AND AGREED PROTECTIVE ORDER GOVERNING PRODUCTION OF CONFIDENTIAL DISCOVERY MATERIALS

This Stipulated and Agreed Protective Order ("Protective Order") is made and entered into by and between the following: ALLIED WORLD SURPLUS LINES INSURANCE COMPANY formerly known as DARWIN SELECT INSURANCE COMPANY a subrogee of Tappan Zee Constructors, LLC ("Allied"), HOFFMAN INTERNATIONAL, INC., d/b/a HOFFMAN EQUIPMENT COMPANY ("Hoffman"), and THE MANITOWOC COMPANY, INC. and GROVE U.S. LLC, ("Manitowoc"), collectively the ("Parties").

WHEREAS, the Parties have entered into this Protective Order to facilitate the efficient production of discovery materials (including documents, testimony and other information of any kind, whether produced formally or informally, the "Discovery Materials"); and

WHEREAS, the Parties wish to avoid the risk of hann that is posed by the disclosure of confidential or proprietary information that ma.y be contained in the Discovery Materials; and

WHEREAS, the Parties do not presently anticipate that a large number of documents will

be designated as containing confidential or proprietary information;

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. Counsel for a Party subject to informal or formal discovery requests, notices and subpoenas (the "Designating Party") may designate any Discovery Materials as "Confidential" when the Designating Party believes in good faith that the Discovery Materials contain, constitute or reveal what the Designating Party considers to be confidential or proprietary business.information, financial information, personal information, trade secrets or otherwise private or confidential information ("Confidential Information").

2. Discovery Materials containing Confidential Information shall be used by any Party, person or entity receiving such materials (the "Receiving Party") solely for purposes of the above-captioned action (including any other proceedings or litigation between the Parties, whether in federal or state court, arising out of or otherwise in connection therewith, the "Allied Litigation"), and in accordance with the provisions of this Protective Order. The Receiving Party shall permit access to Confidential Information only to persons authorized to receive Confidential Information as provided for in this Protective Order.

3, Consistent with the terms of paragraph 1 of this Protective Order, counsel for any Designating Party may designate any Discovery Materials (whether in hard copy or electronic format) containing Confidential Information by marking the Discovery Materials as Confidential or otherwise separately identifying and designating in writing the applicable Discovery Materials, prior to production, as Confidential. Inadvertent mis-designation of Discovery Materials as Confidential shall be remedied upon request by counsel for the Receiving Party.

4. The failure to designate any Discovery Materials as Confidential shall not constitute a waiver of a Party's right to do so. If at any time a Designating Party determines or realizes that

Discovery Materials that were previously produced should be designated as Confidential, such Designating Party may notify all of the other Parties in writing, and such Discovery Materials will thereafter be treated as Confidential Information under the terms of this Protective Order, provided that, where applicable, the Designating Party shall, at its cost, provide the other Parties with substitute copies, bearing the appropriate confidentiality designation, of any such Discovery Materials. To the extent that any such Discovery Materials are contained in filings with the Court, the Designating Party shall, at its cost, undertake, as it may see fit, to have such Discovery Materials placed under seal. The Receiving Party agrees to work in good faith and take reasonable steps to ensure that such newly designated Discovery Materials be treated consistent with the terms of this Protective Order; provided, however, that if such Discovery Materials have been disclosed by a Receiving Party prior to the time at which a Designating Party gives notice that the Discovery Materials are to be designated as Confidential, such disclosure shall not constitute a violation of this Protective Order.

5.  If any Discovery Materials containing Confidential Information, such as exhibits, are used during the course of a deposition, and party seeking to designate that portion of the deposition transcript referring to such Confidential Information as confidential shall do so within 10 days of receipt of the transcript, and access to that portion of the transcript shall be limited to persons authorized to receive Confidential Information, as provided for in this Protective Order.

6.  If any Receiving Party objects to the designation of any Discovery Materials as Confidential, the Receiving Party shall state the objection in writing to counsel for the Designating Party with notice to all other Parties and specifically identify, by Bates number if possible, the Discovery Materials at issue. The Receiving Party and Designating Party shall have five (5) business days from the Designating Party's receipt of any written objection to attempt to resolve the dispute

among themselves. In the absence of such resolution, the Receiving Party objecting to the confidentiality designation may apply to the Court for an order removing the challenged designation; provided, however, that any such application to the Court shall be made only after the Receiving Party has provided the Designating Party two (2) business days' notice. The Discovery Materials in question shall continue to be treated as Confidential, as applicable, under the terms of this Protective Order unless the Court rules otherwise or the Designating Party agrees in writing to withdraw the challenged designation. With respect to any material or information that ceases to be designated as Confidential, the Designating Party shall, at its expense, provide to each Party to whom the material or information has been provided and which so requests replacement copies from which the challenged confidentiality designations have been removed. The requirements of this paragraph do not prevent counsel for a Receiving Party from objecting orally on the record of a deposition or at a hearing to the designation of any Discovery Materials as Confidential.

7. A Receiving Party or its counsel may disclose Confidential Information to the following authorized recipients:

(a) outside counsel or in-house counsel for the Receiving Party in matters related to the Allied Litigation, as well as their employees whose functions require access to Confidential Information;

(b) officers, directors or employees of the Receiving Party who are assisting the Receiving Party's counsel with matters related to the Allied Litigation;

© any outside expert or consultant (including but not limited to any accountant, financial advisor, or insurance adjustor or underwriter) for the Receiving Party who is assisting the Receiving Party's counsel with matters related to the Allied Litigation, as well as any employee of such outside expert or consultant whose functions require access to Confidential Information; provided, however, that counsel desiring to disclose Confidential Information to such a person shall first obtain a signed copy of the Acknowledgment from such person, and counsel shall retain in its file an original or copy of such signed Acknowledgment;

(d) any person not otherwise exempted under this paragraph from signing the Acknowledgment who is identified on the face of a document to be the author, addressee or

an actual or intended recipient of the document; provided, however, that counsel desiring to disclose Confidential Information to such a person shall first obtain a signed copy of the Acknowledgment from such person, and counsel shall retain in its file an original or copy of such signed Acknowledgment (although no such obligation shall apply where, prior to disclosure by the Designating Party in the Litigation, the author, addressee or an actual or intended recipient of the document has provided the Receiving Party with a copy of the document in his/her possession, custody or control, provided that such information is not known by the Receiving Party to be subject to any other confidentiality agreement or other obligation of confidentiality);

(e) any non-party witness or deponent (and counsel for such witness or deponent) during the course of, or in preparation for, any hearing or deposition relating to the Allied Litigation; provided, however, that counsel desiring to disclose Confidential Information to such a person shall first obtain a signed copy of the Acknowledgment from such person, and counsel shall retain in its file an original or copy of such signed Acknowledgment;

(f) any court reporter or videographer engaged by any of the Parties for any deposition or hearing relating to the Allied Litigation;

(g) to the extent not encompassed by the above, any other person upon agreement among the Designating Party and the Receiving Party; provided, however, that counsel desiring to disclose Confidential Information to such a person shall first obtain a signed copy of the Acknowledgment from such person, and counsel shall retain in its file an original or copy of such signed Acknowledgment;

(h)   the Court and its authorized staff, and

(I)   any other person upon order of the Court.

8. In the event that a Receiving Party authorized to have access to Discovery Materials designated as Confidential is served with a request, subpoena or other legal process that seeks production of Discovery Materials designated as Confidential (a "Request"), such Receiving Party (the "Requested Person ") shall give written notice to the Designating Party within five (5) business days of the receipt of the Request, shall include with such notice a copy of the Request and shall reasonably cooperate with respect to any procedure sought to be pursued by the Designating Party, at the Designating Party's expense, to resist production or protect the confidentiality of the documents or information at issue. The Requested Person shall not produce the Discovery Materials

designated as Confidential until the earlier of: (a) receipt of prior written consent to the production from the Designating Party; (b) in the event the Request is a subpoena or other legal process with a return date and the Designating Party does not timely object to the subpoena or other legal process, the first business day following the return date of the subpoena or other legal process (with the Designating Party to pay or reimburse the Requested Person for any fees, costs or penalties incurred by the Requested Person by reason of such delayed production); or © five (5) business days after an adverse decision on any motion to quash or motion for a protective order, or such shorter period as a court may direct. Nothing herein shall prevent a Receiving Party from complying with a court order.

9. Counsel for any Party who seeks to file, disclose and/or submit any Confidential Information at any hearing or trial or in any motion or pleading in the Allied Litigation shall, to the extent practicable and time permitting, first confer with the Designating Party in good faith to discuss ways, if any, to protect against public disclosure of the Confidential Information. If such parties are unable to reach an agreement, one or more of them may seek an appropriate ruling from the Court including, without limiting the generality of the foregoing, permission to have any documents in question containing the Confidential Information filed under seal by the Clerk of the Court, subject to further order of the Court as to ultimate disposition.

10. In the event that any Confidential Information that has been redacted, filed under seal or otherwise protected pursuant to the provisions of this Protective Order or other order of the Court, is used, disseminated, disclosed or otherwise revealed in violation of the provisions of this Protective Order or other order of the Court, such Confidential Information shall not lose its status as Confidential Information.

11. Nothing in this Protective Order shall be construed as restricting a Designating Party

from using its own Discovery Materials designated as Confidential. However, any material or information that is publicly filed with the Court by a Designating Party in pleadings or otherwise shall no longer be deemed Confidential unless the Designating Party has filed such material or information under seal pursuant to the procedures provided in paragraph 13 of this Protective Order.

12. Inadvertent disclosure of any material or information that the Designating Party claims is or may be subject to the attorney-client privilege, the work-product doctrine or any other privilege, doctrine or immunity from disclosure ("Claimed Privileged Materials") shall not constitute a waiver of, or an estoppel as to any claim of, such privilege, doctrine or immunity for such material or information. If Claimed Privileged Materials are inadvertently or mistakenly produced, upon written request by the Designating Party, all copies, excerpts, extracts, summaries and other documents reflecting the contents of the inadvertently produced Claimed Privileged Materials shall be promptly returned or destroyed, whether or not the Receiving Party agrees that the Claimed Privileged Materials are subject to a privilege or immunity from disclosure. Unless otherwise permitted by order of the Court (which may be sought only after all copies, excerpts, extracts, summaries and other documents reflecting the contents of the inadvertently produced Claimed Privilege Materials have been returned or destroyed as set forth in the prior sentence), the Receiving Party shall not use the inadvertently produced Claimed Privileged Materials or any information derived therefrom for any purpose. No later than five (5) business days after the Receiving Party has returned or destroyed the inadvertently produced Claimed Privileged Materials and all copies, excerpts, extracts, summaries and other documents reflecting the contents of the inadvertently produced Claimed Privilege Materials, the Designating Party shall provide a privilege log identifying the Claimed Privileged Materials. The Receiving Party may thereafter move the Court at any time for an order compelling the production of the Claimed Privilege Materials identified on such

privilege log.

13. This Protective Order shall not apply to material or information that:

(a) was known to the Receiving Party prior to disclosure in the Allied Litigation, provided that such information is not known by the Receiving Party to be subject to any other confidentiality agreement or other obligations of confidentiality;

(b) is public knowledge at the time of its disclosure in the Allied Litigation or becomes public knowledge after its disclosure in the Allied Litigation through no action or omission by or on behalf of any Receiving Party; or

(c) is lawfully disclosed or made available to the Receiving Party by a third party having no obligation to maintain its confidentiality.

14. Nothing in this Protective Order shall be construed to affect or determine in any way the admissibility of any document, testimony or other evidence at any hearing or proceeding in connection with the Allied Litigation.

15. The provisions of this Protective Order shall survive the conclusion of the Allied Litigation and shall continue in full force and effect.

16. Any Party receiving Confidential Information may seek relief from the requirements of this Protective Order by notifying the Designating Party of its request for such relief and requesting a discovery conference with the Court.

17. This agreement may be executed in any number of counterparts, each of which when executed and delivered shall constitute a duplicate original, but all counterparts together shall constitute a single agreement.

18. The Court shall retain jurisdiction to enforce any of the provisions of this Protective Order.

Dated: December 13, 2019

HANNUM, FERETIC, PRENDERGAST &
MERLINO, LLC
Attorneys for Defendant
Hoffman International Inc.

_____
Michael J. White

GALLAGHER, WALKER, BIANCO &
PLASTARAS, LLP
Attorneys for Defendant
The Manitowoc Company, Inc, and Grove
US, LLC

_____
Brian R. Kenney

COZEN O'CONNOR
Attorneys for Plaintiff
ALLIED WORLD SURPLUS LINES INSURANCE
COMPANY formerly known as DARWIN SELECT
INSURANCE COMPANY a subrogee of Tappan
Zee Constructors, LLC

_____
Robert W. Phelen

SO ORDERED BY THE COURT:

12/23/19
_____
Dated

_____
Hon.